| | |
|---|---|
| MATTHEW GABRIEL, | ) |
|                               **Plaintiff,** | ) |
| -vs- | ) |
| **PLATTE COUNTY, MISSOURI,**<br>Serve:<br>Mark S. Owen, Sheriff<br>415 3rd Street,<br>Platte City, Missouri 64079 | ) |
| and | ) |
| **SHERIFF MARK S. OWEN,**<br>**In Both His Individual and Official**<br>**Capacities as Sheriff of**<br>**Platte County, Missouri**<br>Serve at Place of Employment:<br>415 3rd Street,<br>Platte City, Missouri 64079 | )     Case No. |
| and | ) |
| **CAPTAIN JEFFREY SHANKS,**<br>**In Both His Individual and Official**<br>**Capacities as Division Commander of**<br>**the Detention Division of**<br>**Platte County, Missouri**<br>Serve at Place of Employment:<br>415 3rd Street,<br>Platte City, Missouri 64079 | ) |
|                               **Defendants.** | ) |

## COMPLAINT

COMES NOW Plaintiff, Matthew Gabriel, by and through undersigned counsel, and brings the following suit against Defendants Platte County, Missouri, Sheriff Mark S. Owen, Captain Jeffrey Shanks, and other John Doe correction officers and employees, the names of which are

unknown at this time and who are also sued in their individual and official capacities, and for his cause of action states:

## I. JURISDICTION AND VENUE

1. This action is brought, in part, pursuant to 42 USC § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 29 USC §§ 1331 and 1343.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. The claims asserted herein arose in the Western District of Missouri, and venue is therefore proper under 28 UCS § 1931(b).

## II. PARTIES

4. Plaintiff Matthew Gabriel was at all times relevant hereto a resident of Platte County and a citizen of the State of Missouri.

5. Defendant Platte County, Missouri ("Platte County") is a political subdivision of the State of Missouri, for which all other Defendants are employed and/or acted as agents of, through the Platte County Sheriff's Department. Platte County is the political subdivision of the State of Missouri that is responsible for the deprivation of Mr. Gabriel's civil rights which was caused by the intentional acts and/or failures to act of the duly appointed deputies of the Platte County Sheriff's Department and of the Sheriff, who were acting by virtue of or under color of the office at the time, as well as the negligent acts and/or omissions of each and every other Defendant, who were employees and/or agents of said county, and were acting within their scope of employment. Defendant Platte County may be served with process through the Platte County Sheriff, Mark S. Owen, at 415 3rd Street, Platte City, Platte County, Missouri 64079.

6. At all times relevant hereto, Defendant Sheriff Mark S. Owen was a citizen and resident of Platte County, Missouri, and was acting in his capacity as Sheriff, employed by Platte County, Missouri, and was acting under the color of State law. He is hereby sued in both his individual and official capacities. Defendant Owen may be served with process at the Platte County Sheriff's Office, 415 3rd Street, Platte City, Platte County, Missouri 64079.

7. At all times relevant hereto, Defendant Captain Jeffrey Shanks was a citizen and resident of Platte County, Missouri, and was acting in his capacity as Division Commander of the Detention Division, employed by Platte County, Missouri, and was acting under the color of State law. He is hereby sued in both his individual and official capacities. Defendant Shanks may be served with process at the Platte County Sheriff's Office, 415 3rd Street, Platte City, Platte County, Missouri 64079.

### III. FACTS

8. Matthew Gabriel was taken into custody at the Platte County Jail on or about February 15, 2018.

9. Mr. Gabriel brought his own prescription medications to the Platte County Jail when he was taken into custody.

10. When taken into custody, Mr. Gabriel was taking the following prescription medications: Prozac 80mg – 1/day; Buspar 30mg – 2/day; Propranolol 20mg – 2/day; Nortriptyline 50mg – 1/day and 1/night; Gabapentin 300mg – 3/day.

11. For a few days while in custody, Mr. Gabriel received all of his medications.

12. Shortly after, Mr. Gabriel was denied Gabapentin and Buspar.

13. After one week in custody, Mr. Gabriel was next denied Nortriptyline.

14. As a result of Platte County Jail's denial of Mr. Gabriel's medications, Mr. Gabriel began falling out of the top bunk of his cell bed.

15. Mr. Gabriel notified jailers at the Platte County Jail that he kept falling out of bed.

16. Mr. Gabriel made written requests to the jailers at Platte County Jail to be moved to the lower bunk of his cell bed.

17. Mr. Gabriel had fallen out of his bed a total of three times prior to March 28, 2018.

18. On or about March 28, 2018, Mr. Gabriel again fell out of the top bunk of his cell bed for a fourth time, breaking his neck and splitting his head open.

19. Mr. Gabriel's cellmates notified the jailers of the Platte County Jail of Mr. Gabriel's injuries and Mr. Gabriel was taken by EMS to St. Luke's North Hospital.

20. Mr. Gabriel returned to the Platte County Jail on or about March 28, 2018.

21. Mr. Gabriel was forced to remove his neck brace when showering and was not allowed to perform as much walking as necessary for appropriate healing per direction of his medical providers.

22. Mr. Gabriel was scheduled for follow-up appointments on April 19, 2018 with Saint Luke's Imaging Center and Saint Luke's Neurosurgery Clinic but was denied the ability to go.

23. Mr. Gabriel, while in the custody, care, and control of the nurses, counselors, caseworkers, jailers, officers, and other professional employees working for Platte County and the Platte County Jail, was denied the medical follow-up treatment for his injuries.

24. Defendants individually and in concert with one another intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Mr. Gabriel's serious medical needs in that they had actual knowledge of his mental condition, serious medical need for medication, and did not provide any medical treatment or allow him

contact with anyone who could provide proper and/or adequate medical treatment, and in fact ignored his pleas to switch beds and for his prescribed medications.

25. Defendants individually and in concert with one another intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Mr. Gabriel's serious medical needs in that they also had actual knowledge of Mr. Gabriel's serious medical needs and had knowledge that his medication was withheld and that he had expressed his need to switch beds.

26. Defendants individually and in concert with one another through the policies and procedures instituted by them and Defendant Platte County fostered an environment which led to the deliberate indifference of Mr. Gabriel's serious medical needs in contravention of his civil rights.

27. Defendants Owen and Shanks and Platte County were negligent in their supervision of the Platte County Jail and the employees, deputies, and/or correction personnel therein.

28. Each of the Defendants, individually and in concert with one another, acted under the color of State law in both his/her individual and official capacities to deprive Mr. Gabriel of his right to adequate and/or proper medical care. This is a right secured to Mr. Gabriel by the 8th and 14th Amendments to the Constitution of the United States and by 42 U.S.C §1983.

29. As a direct and proximate result of the intentional and/or negligent acts of all Defendants, Mr. Gabriel suffered severe physical and mental pain and suffering.

30. Plaintiff is entitled to compensation for violations of his constitutional rights that all Defendants inflicted upon him, including but not limited to medical bills and expenses; pain and suffering; attorneys' fees; and punitive damages.

## IV. CAUSES OF ACTION

### COUNT 1:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (General Allegations)

31. Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 23 of this Complaint.

32. In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to the substantial risk of harm to Mr. Gabriel after having actual knowledge of such need for medication and the strong likelihood of injury in deprivation of Mr. Gabriel's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

33. As a direct and proximate result of the violation of Mr. Gabriel's constitutional rights by the Defendants, Mr. Gabriel suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42 U.S.C. §1983.

34. The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

### COUNT 2:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs, and Practices)

35. Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 27 of this Complaint.

36. Upon information and belief, Defendant Owen, in his capacity as Sheriff of Platte County, Missouri, and/or Defendant Platte County, appointed deputies and/or corrections officers, who were not a licensed and/or adequately trained medical professionals, to screen the medical needs of inmates incarcerated in the Platte County Jail.

37. From February 15, 2018, to March 28, 2018, Mr. Gabriel was a detainee and inmate at the Platte County Jail, under their medical and psychological care, during which time, and at all times, he was in serious need of required medications, a fact which Defendants, through their agents and employees, knew and documented.

38. Defendants Owen and Defendant Platte County, Missouri, along with Defendant Shanks, implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, allowing correction officers with no or inadequate medical training to assess medical conditions and/or withhold medical treatment and/or deny medical treatment to inmates with serious medical needs, including Mr. Gabriel, which policies, customs, or practices reflected a deliberate indifference to the serious medical needs of Mr. Gabriel.

39. The failures of Defendants to adequately train and/or supervise their employees, deputies, corrections officers, and/or medical care providers amounts to deliberate indifference to Mr. Gabriel's serious medical needs.

40. The failures of Defendants to institute policies and procedures that would provide Mr. Gabriel with reasonable access to a properly and/or adequately trained and/or qualified medical provider amounts to deliberate indifference to Mr. Gabriel's serious medical needs.

41. In committing the acts complained of herein, Defendants acted under color of State law with deliberate indifference to the serious medical needs of Mr. Gabriel.

42. As a direct and proximate result of the deliberate indifference to inmates, specifically Mr. Gabriel's serious medical needs, Mr. Gabriel suffered serious mental and emotional pain, for which he is entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## COUNT 3:
### Negligence (All Defendants)

43. Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 35 of this Complaint.

44. Defendants owed a common law duty to ensure the safety of inmates and detainees of the Platte County Jail, specifically Mr. Gabriel. This duty included the duty to provide adequate health care and the continuation of necessary medical treatment.

45. The acts and omissions complained of hereinabove constituted severe breaches of this duty.

46. As a direct and proximate result of the breaches of this duty, Mr. Gabriel suffered general and special damages as alleged in this Complaint, including his personal injury, and physical and mental pain and suffering.

47. The conduct of the Defendants was willful, malicious, oppressive, and reckless, and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess

of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## COUNT 4:
## Negligent Supervision (All Defendants)

48. Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 40 of this Complaint.

49. At all times during the course of events as herein set forth, Defendants either employed, contracted, controlled or had the right to control the conduct of the jailers, officers, the nurses, counselors, caseworkers, and other professional employees practicing with or for Platte County and Platte County Jail.

50. Defendants had a duty to exercise that degree of skill and learning in supervising, the nurses, counselors, caseworkers, jailers, officers and other professional employees working for Platte County and the Platte County Jail, that is ordinarily exercised by members of their respective professions under the same or similar circumstances to protect Mr. Gabriel and other from unreasonable risks of harm.

51. Defendants breached their duties and were thereby negligent in their supervision of the nurses, counselors, caseworkers, jailers, officers, and other professional employees working for Platte County and the Platte County Jail by the following particulars:

   a. In failing to create necessary policies and standards, or to properly implement them, for the proper treatment of patients who were incarcerated and/or detained at the Platte County Jail, such as Mr. Gabriel, by its employees and servants;

   b. In failing to create necessary policies and standards, or to properly implement them, for the continuation of necessary medical treatment and medication for patients who were incarcerated and/or detained at the Platte County Jail, such as Mr. Gabriel, by its employees and servants;

   c. In failing to create necessary policies and standards, or to properly implement them, to ensure that employees and/or staff physicians would monitor and adjust

9

Case 5:18-cv-06182-JTM   Document 1   Filed 12/13/18   Page 9 of 12

> medication regimes of patients who were incarcerated and/or detained at the Platte County Jail, such as Mr. Gabriel, by its employees and servants;
>
> d. In failing to create necessary policies and standards, or to properly implement them, for the coordination of efforts and communication between its employees, including but not limited to doctors and nurses, and jail staff of correctional officers, regarding the care of patients who were incarcerated and/or detained at the Platte County Jail, such as Mr. Gabriel; and
>
> e. In further particulars presently unknown to Plaintiff, but which are believed will be discovered upon proper discovery within the litigation.

52. As a direct and proximate result of the aforementioned negligence of Defendants, Mr. Gabriel was injured, caused to suffer conscious pain and suffering, and Plaintiff sustained damage, as more fully set forth herein.

53. That by reason of the foregoing premises, Plaintiff is also entitled to recover fair and reasonable damages against the Defendants for his personal injuries.

54. From the beginning of the negligent treatment described herein above until the present, Mr. Gabriel suffered physical and mental pain which is an item of damage to be considered and awarded.

55. Defendants' conduct in this case, as set forth in this Complaint constitutes aggravating circumstances within the meaning of the laws of this State. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Plaintiff or others similarly situated and was done with such reckless indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess

of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

### COUNT 5:
### Negligent Training (All Defendants)

56. Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 48 of this Complaint.

57. When Defendants hired the nurses, counselors, caseworkers, jailers, officers, and other professional employees working for Platte County and the Platte County Jail, Defendants had a duty to properly train them.

58. Defendants owed a duty to Mr. Gabriel and others to use ordinary care in training their nurses, counselors, caseworkers, jailers, officers, and other professional employees.

59. Defendants were negligent and breached their duty owed to Plaintiff by:

   a. Failing to adequately train the nurses, counselors, caseworkers, jailers, officers, and other professional employees working with Mr. Gabriel to ensure his safety;

   b. Failing to have adequate training policies and procedures in place for nurses, counselors, caseworkers, jailers, officers, and other professional employees working with Mr. Gabriel to ensure that Mr. Gabriel was safe and that the premises were reasonably safe;

   c. Allowing Mr. Gabriel to be injured; and

   d. Such further acts of negligence as may be determined as discovery progresses.

60. As a direct and proximate result of the Defendants' negligence, Mr. Gabriel suffered and continues to suffer from his injuries that he sustained on March 28, 2018.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

**DEMAND FOR TRIAL BY JURY.**

        Respectfully submitted,

        LAUREN ALLEN, LLC

        */s/ Lauren Perkins Allen*
        Lauren Perkins Allen   #49845
        2345 Grand Blvd., Ste. 1600
        Kansas City, Missouri 64108
        T:  816.877.8120
        F:  816.817.1120
        Email:  lpa@laurenallenllc.com
        **ATTORNEY FOR PLAINTIFF**